UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS HOLMES,

      Plaintiff,                    Civil Action No. 15-12228
                                      Honorable Nancy G. Edmunds
              v.                  Magistrate Judge Elizabeth A. Stafford

CAPITAL ONE FINANCIAL
CORPORATION,

      Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [R. 17]

## I.    INTRODUCTION

Plaintiff Nicholas Holmes sues defendant Capital One Financial Corporation ("Capital One"), alleging violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"), and complaining that Capital One made unsolicited telephone calls to him.[1] [R. 1-3, PgID 13-17]. Capital One filed a motion for summary judgment, [R. 17], to which Holmes did not timely respond, and the Court denied his belated motion for an extension of time to respond. [R. 21]. For the reasons set forth below, the Court **RECOMMENDS** that Capital One's motion [R. 17] be **GRANTED.**

_____

[1] The Honorable Nancy G. Edmunds referred it to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). [R. 1; R. 5].

## II.  ANALYSIS

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.,* 640 F.3d 716, 723 (6th Cir. 2011). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001).  "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."  *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

2

**B.**

Under the TCPA, it is unlawful for a party to place a phone call to a cellular phone's number using an "automatic telephone dialing system," which is defined as equipment that can store or produce telephone numbers and dial them. §§ 227(a)(1), 227(b)(1)(iii). Holmes contends that Capital One used such technology to dial his cellular phone, in violation of the TCPA. [*See* R. 1-3, PgID 14, ¶ 10]. But Capital One submitted with their motion the sworn declaration of employee Jason Clemens, who states that Capital One agents placed calls to Holmes regarding a debt using "regular desk telephones" and the physical dialing of Holmes' number; an automatic dialing system was not used. [R. 17-1, PgID 119-20]. Such calls are not prohibited by the TCPA. This evidence satisfies Capital Ones initial burden and Holmes has failed to present any contrary evidence.

**C.**

Holmes alleges that Capital One "failed to place [him] on its do-not-call-list," in violation of § 227(c)(5). That section, in conjunction with § 227(c)(3), prohibits an entity from making more than one "telephone solicitation" within a twelve-month period to a person on the national do-no-call-list.  Capital One alleges that the calls placed to Holmes concerned a debt, which Holmes appears to have conceded in his complaint. [R. 17-1,

PgID 120; R. 1-3, PgID 13 (describing Capital One as an entity that places calls for the purposes of collecting debt)].  Debt collection calls are not "telephone solicitations" within the meaning of the TCPA, so Holmes's claim under § 227(c)(5) is without merit.  *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011).

## III.   CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** Capital One's motion [R. 17] be **GRANTED.**

s/Elizabeth A. Stafford     
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 15, 2016

<u>**NOTICE TO THE PARTIES REGARDING OBJECTIONS**</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

5